UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE LEE HARPER

       Petitioner,

v.                                      Case No. 8:08-cv-350-T-24MSS

SECRETARY DEPARTMENT OF CORRECTIONS,

       Respondent.
_____/

## **ORDER**

Petitioner Willie Lee Harper filed this 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his March 7, 2006, disciplinary proceedings before the Hardee Correctional Institution Disciplinary Team. Harper provided, as exhibits to his petition, copies of all documents relative to the disciplinary hearing. A review of the exhibits and the applicable case law demonstrates that, for the following reasons, Harper's petition must be denied.

Background

On March 3, 2006, the Hardee Correctional Institution Disciplinary Team provided Harper with a Charging Disciplinary Report (Exhibit A), which contained the following Statement of Facts:

> On February 28, 2006 at approximately 3:45 p.m. while supervising the closing of the yard, I was on the south end of the compound. I observed inmate Harper, Willie DC# 105186 carrying a large open file case. I searched inmate Harper and discovered that he had legal work belonging to several other inmates. Inmate Harper was upset and yelled, "I'm allowed to have that!" I advised him that he is not allowed to be in possession of legal work belonging to other inmates. He stated that the library and this institution allow him to do

this. The librarian, Mr. M. Williams was contacted and stated that Inmate Harper is not a law clerk and does not work for him. He stated that inmates are not allowed to be in possession of legal work belonging to other inmates, and he further stated that the library did not allow Inmate Harper to do this. The legal work was placed in the property room evidence locker. A photo of the legal work and other related paperwork is attached.

The Charging Disciplinary Report, which was delivered to Harper on March 3, 2006, provided Harper with the following Notice:

No hearing shall commence prior to 24 hours of delivery of charges except when the Inmate's release date does not allow time for such notice or the Inmate waives the 24 hour period as authorized in Rule 33-601, Florida Administrative Code.

The Charging Disciplinary Report also advised Harper:

As an inmate being charged with a violation of the rules of prohibited conduct, you are advised of the following: An impartial investigation will be conducted on this disciplinary report. During the investigation of the disciplinary report, you will be advised of the charges against you and you may request staff assistance. During the investigation you should make known any witnesses to the investigating officer. The testimony of witnesses shall be presented by written statements. See Rule 33-601.307(3) for complete information regarding witnesses. You will have the opportunity to make a statement in writing regarding the charge and to provide the information relating to the investigation.

In addition, the Charging Disciplinary Report advised Harper that he would receive a copy of the charges 24 hours prior to the time of the disciplinary hearing and advised him as to how the hearing would be conducted:

The decision will be made in advance whether the hearing will be conducted by the disciplinary team or the hearing officer. You may request a hearing by the full disciplinary team rather than the hearing officer. You will appear in person before the disciplinary team/hearing officer unless you waive this appearance by signing a waiver form. You will be advised of the charges placed against you and the range of penalty if found guilty. You may request staff assistance. The chairperson/hearing officer will read the statement and ask you for your plea. A guilty plea requires no further statement; however, you may make a statement for the team/hearing officer to consider. A no

> contest plea will be treated as a guilty plea. A refusal to enter a plea will be treated as a not guilty plea. If you enter a not guilty plea, you will be allowed to make a statement on your own behalf, present evidence and request staff or inmate witnesses as deemed appropriate by the team/hearing officer. After the team/hearing officer has made a decision, you will be advised verbally and in writing as to the decision and the evidence relied upon in making that decision. If you are found guilty, you will be advised verbally and in writing as to the recommended penalty.

Inmate Harper was also advised that if he were found guilty, he could file an administrative appeal. (Exhibit A)

Harper declined staff assistance and he was present at the March 7, 2006, disciplinary hearing during which he was found guilty "based on the reporting officer's observation that inmate Harper lied to staff, as noted in section one of the Report. All witness statements were read and considered by the team." As a result of the Disciplinary Team's findings, Harper lost 60 days of gain time and was sentenced to 60 days in disciplinary confinement. During the hearing, Harper provided several rules and case law for consideration by the disciplinary team. (Exhibit B)

Harper filed an administrative appeal (Exhibit C) which was denied on April 20, 2006. (Exhibit D). Subsequently, Harper filed a petition for writ of mandamus in the Circuit Court for the Second Judicial Circuit, Leon County, Florida. That petition was denied. Harper appealed the denial of relief and the state district court of appeal dismissed the appeal on February 22, 2007. (See petition, pp. 14-18). Harper filed the present federal petition on February 18, 2008, raising three grounds for relief [as stated by Harper]: 1) The disciplinary team's decision was not based on sufficient evidence; 2) Denial of an impartial hearing team in violation of my due process rights; 3) Fact-finder failed to provide me with a statement of the reasons for the disciplinary action.

## Standard of Review

Prison disciplinary proceedings are not part of a criminal prosecution, therefore the full panoply of rights that are due a defendant in a criminal proceeding does not apply. Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). "In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Id.

The United States Supreme Court held that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. Id. at 564. Further, the Court held that at least a brief period of time after the notice, no less than twenty-four (24) hours, should be allowed to the inmate to prepare for the appearance before the disciplinary committee. Id. The Court also held that there must be a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action. Id.

Harper's contention that the evidence was not sufficient to support a finding of guilt, has no merit. In Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981), cert. denied, 455 U.S. 992 (1982) (footnotes omitted), the Court stated:

> Although the courts are required to recognize a constitutional duty to protect prisoners' rights, nevertheless "[t]he Supreme Court has articulated for the federal courts a policy of minimum intrusion into the affairs of state prison administration; state prison officials enjoy wide discretion in the operation of state penal institutions." Williams v. Edwards, 547 F.2d 1206, 1212 (5th Cir. 1977); Campbell v. Beto, 460 F.2d 765, 767 (5th Cir. 1972); Breeden v. Jackson, 457 F.2d 578, 580 (4th Cir. 1972). In reviewing administrative findings under a federal habeas corpus or a section 1983 complaint, the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion. Thomas v. Estelle, 603 F.2d 488, 490 (5th Cir. 1979), reh. denied, 606 F.2d 321 (5th Cir. 1979); Wilwording v. Swenson, 502 F.2d 844, 851 (8th Cir. 1974), cert. denied, 420 U.S. 912, 95

S.Ct. 835, 42 L.Ed.2d 843 (1975); U.S. v. Smith, 464 F.2d 194, 196 (10th Cir.), cert. denied, 409 U.S. 1066, 93 S.Ct. 566, 34 L.Ed 2d 519 (1972). The federal courts cannot assume the task of retrying all prison disciplinary disputes. No de novo review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by "some facts" -- "whether any evidence at all" supports the action taken by the prison officials. Willis v. Ciccone, 506 F.2d 1011, 1018, 1019 n. 11 (8th Cir. 1974).

Further, the Eleventh Circuit has held that the district court need only inquire into whether there is "any basis in fact" for the disciplinary team's decision. Inglese v. Warden, 687 F.2d 362, 363 (11th Cir. 1982). Certainly, the disciplinary report, with its statement of facts, its delivery of charges, its report of investigation, and its disciplinary committee action, shows a "basis in fact" for a disciplinary committee's decision.

Finally, the United States Supreme Court has held that due process demands only that there be "some evidence" to support a disciplinary officer's decision. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445 (1985). "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Id. The Court noted that a reviewing court is not required to examine the entire record of a proceeding, independently assess witness credibility, or weigh the evidence. Id.

Minimum procedures that must be followed in disciplinary hearings include: 1) providing advance written notice to the accused of the claimed violation; 2) providing a written statement by the factfinder of the evidence relied upon and reasons for the disciplinary action taken;  and, 3) allowing the accused inmate to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be

unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, (1974).

## Discussion

Harper's exhibits demonstrate that the constitutionally-required procedures were followed before and during his disciplinary hearing. He was provided advance written notice of the claimed violation.  Harper was provided a written statement of the evidence relied upon and reasons for the disciplinary action taken.  Harper was allowed to call witnesses and present documentary evidence in his defense.

After he was found guilty by the disciplinary team, he filed an administrative appeal. After that appeal was denied, he filed a petition for writ of mandamus and appealed the denial of mandamus relief. Because Harper had the due process to which he was entitled, he cannot show his constitutional rights were violated and that he is entitled to federal habeas corpus relief.

**Accordingly, the Court orders:**

That Harper's petition is denied.  The Clerk is directed to enter judgment against Harper and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §

2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 29, 2008.

*(signature)*
SUSAN C. BUCKLEW
United States District Judge

Willie Lee Harper